**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Trust, | No. CV-07-8164 PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Bureau of Reclamation and Robert W. Johnson, Commissioner U.S. Bureau of Reclamation, | |
| Defendants. | |

Several states and entities, referred to in this order as "Intervenors," have filed motions to intervene in this action. They include Arizona, California, Colorado, Nevada, New Mexico, Utah, Wyoming, the Colorado River Commission of Nevada, and the Southern Nevada Water Authority (collectively, the "Basin States"); the Colorado River Energy Distributors Association ("CREDA"); and the Central Arizona Water Conservation District, the Imperial Irrigation District, and the Metropolitan Water District of Southern California (collectively, the "Water Districts"). Dkt. ##75, 79, 86. Plaintiff asks the Court to deny the motions or, alternatively, to limit Intervenors to the remedy phase of this case. Dkt. #95. The Court will grant the Intervenors' motions under Federal Rule of Civil Procedure 24(b) and establish certain procedural guidelines for their participation in this case.[1]

---

[1] The parties, particularly CREDA, are reminded of the font and type-size limitations set forth in the Court's local rules. *See* LRCiv 7.1(b). These limitations apply to text and footnotes of all filings.

## I. Legal Standard.

"Rule 24 traditionally has received a liberal construction in favor of applicants for intervention." *Wash. State Bldg. and Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982). A court may permit a third party to intervene under Rule 24(b) if (1) the applicant for intervention has an independent basis for jurisdiction, (2) the motion is timely, and (3) the applicant's claims or defenses have a question of law or fact in common with the main action. *See U.S. v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002). In determining whether intervention is appropriate, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II. Discussion.

Plaintiff argues that Intervenors' motions are untimely. Dkt. #95. "Whether a motion is timely is determined by analyzing three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Officers for Justice v. Civil Serv. Com'n of City and County of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991) (internal quotes and citation omitted).

### A. Stage of the Proceedings.

Intervenors have sought to intervene as defendants at a relatively early stage of this case. Plaintiff's initial complaint was filed on December 7, 2007. Dkt. #1. Plaintiff filed a supplemental complaint on April 10, 2008. Dkt. #59. The existing Defendants have not yet answered the initial or supplemental complaints. Intervenors sought to intervene less than one month after the supplemental complaint was filed.

The first steps in this case have been the filing of a motion for summary judgment by Plaintiff on February 15, 2008 (Dkt. #15) and the filing of a motion to dismiss and cross motion for summary judgment by the Federal Defendants on March 17, 2008 (Dkt. #25). Briefing on these motions will be completed on June 6, 2008. Dkt. #58. Intervenors sought to intervene before this briefing was completed and, as explained below, their intervention will not expand the briefing or delay its completion.

**B.	Prejudice to Plaintiff.**

Plaintiff asserts that allowing Intervenors to intervene would "unnecessarily impair the efficiency of this litigation by filing duplicative briefing and motions." Dkt. #95 at 13. Plaintiff is particularly concerned about prolonging and expanding briefing on the pending motions, conceding that prejudice "would not be a concern" if additional briefing is denied. *Id.* at 4.

Permitting Intervenors to intervene will not prolong or expand briefing on the pending motions. All Intervenors have agreed to join the Federal Defendants' briefing on the motions. Dkt. ##75 at 1, 79 at 2, 86 at 3. No additional briefing will be permitted.[2] Intervenors have also stated that they will respond to the supplemental complaint when the Federal Defendants respond. Intervenors have pledged to minimize duplicative pleadings in this case, and the Court will require them to coordinate their litigation activities as described below.

**C.	Reason for Delay.**

Intervenors note that they have intervened early in this case, that they coordinated their efforts prior to intervening, and that they intervened shortly after the Federal Defendants filed their first motions and revealed at least a portion of their case strategy. The Court finds these to be reasonable grounds for the delay that has occurred.

Plaintiffs argue that the Court should limit Intervenors to the remedy phase of this case. The Court will decline the suggestion. Intervenors' interests in releases from Glen Canyon Dam are sufficient to warrant their participation in all phases.

---

[2]The Basin States specifically note that they do not intend to file additional briefing on the pending motions. Dkt. #75 at 14. The other Intervenors imply as much. Dkt. ##79 at 2, 15 n. 5; 86 at 15. The Court concludes that additional defense briefing on the pending motion is not required.

- 3 -

**IT IS ORDERED:**

1. Intervenors' motions to intervene (Dkt. ##75, 79, 86) are **granted**. Intervenors are permitted to intervene as defendants.

2. Intervenors shall be deemed to have joined the Federal Defendants' briefing on pending motions (Dkt. ## 25, 27, 74) and shall not file additional briefs on these motions.

3. Intervenors shall respond to the supplemental complaint (Dkt. #59) on the same schedule as the Federal Defendants.

4. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court will require Intervenors to coordinate their litigation activities. Specifically, Intervenors will be divided into the three groups identified at the outset of this order – the Basin States, CREDA, and the Water Districts. Each of these groups will coordinate the litigation activities of its members and shall file one pleading on behalf of all of its members. If a group concludes that a single pleading cannot serve the interests of all members, the group shall, before filing multiple pleadings, place a conference call to the Court, with Plaintiff's counsel and a representative of the other groups and the Federal Defendants on the line, to discuss whether multiple pleadings will be permitted. Each group shall designate a single coordinating counsel to communicate on procedural and scheduling matters with Plaintiff, the Federal Defendants, and the other groups. Coordinating counsel shall be identified by June 27, 2008.

DATED this 3rd day of June, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge