**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Grand Canyon Trust, | No. CV-07-8164-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Bureau of Reclamation, et al., | |
| Defendant. | |

Plaintiff has filed a motion to consider extra-record documents and a request for in camera review of withheld documents.  Dkt. # 129.  Defendants object to the Court's consideration of two of the eight extra-record documents, but do not object to in camera review of the withheld documents. Dkt. #133.  The Court will grant Plaintiff's request for consideration of the six unopposed extra-record documents and in camera review of the withheld documents.

Defendants oppose the Court's consideration of the 2008 USGS report titled "Is There Enough Sand? Evaluating the Fate of Grand Canyon Sandbars," and several USGS time-lapse videos which document sediment conditions on the Colorado River after the March 2008 beach/habitat building flow. Dkt. #133 at 5. Defendants argue that the Court should not consider these documents because they were not before the agencies at the end of February, 2008 when the EA, FONSI, and 2008 BiOp were issued; they do not fall under any exception to record review; and they do not provide a basis for any ruling the Court may

1    issue on Claims 6-8.  *Id.* at 5-6.  There are four exceptions which allow a Court to consider

2    extra-record evidence: (1) to determine if the agency has considered all relevant factors and

3    has explained its decision, (2) if the agency has relied on a document which is not in the

4    record, (3) to explain technical terms or complex subject matter, and (4) upon a showing of

5    agency bad faith.  *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

6          Defendants received the 2008 USGS report two weeks before the 2008 BiOp was

7    issued.  Dkt. #136 at 32 n.14.  Defendants do not dispute that the report contained credible

8    information.  Nor did Defendants have a deadline for issuing the 2008 BiOp.  Agencies are

9    charged with using the best available scientific information, and courts have held that FWS

10   must consider data even when submitted shortly before a biological opinion is released.  *See*

11   16 U.S.C. § 1536(a)(2); *Natural Resources Defense Council v. Kempthorne*, 506 F. Supp. 2d

12   322, 366-67 (E.D. Cal. 2007) (FWS was required to consider data even when it was

13   presented to FWS one week before the BiOp was released.).  The Court concludes that

14   consideration of the 2008 USGS report falls under the first exception mentioned above –

15   determining if the agency has considered all relevant factors and explained its decision.  The

16   Court will grant Plaintiff's request to consider the 2008 USGS report.

17         Defendants also oppose the Court's consideration of the USGS time-lapse videos.

18   Plaintiff contends that these videos are offered solely to illustrate that the warnings made to

19   FWS and Reclamation regarding the quick erosion of sediment following the March 2008

20   high flow were accurate.  Dkt. #134 at 5.  Claims 6-8 must be considered under an arbitrary

21   and capricious standard and are limited to record review.  In conducting this review, the

22   Court may consider only the information available to the FWS at the time it issued the 2008

23   BiOp and the information available to Reclamation at the time it issued the EA and FONSI.

24   Because the time-lapse videos were not available at the time these decisions were made and

25   the videos do not fall under one of the exceptions discussed above, the Court will deny

26   Plaintiff's request to consider them.

27

28

**IT IS ORDERED:**

1.      Plaintiff's motion to consider extra-record evidence is **denied** with regard to the USGS time-lapse videos and **granted** with regard to all other evidence.

2.      Plaintiff's request for in camera review of withheld documents is **granted**.

3.      Defendants are directed to submit the documents for in camera review by **April 10, 2009**.

DATED this 6th day of April, 2009.

David G. Campbell
United States District Judge