**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Grand Canyon Trust, | No. CV-07-8164-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. |  |
| U.S. Bureau of Reclamation, et al., |  |
| Defendants. |  |

Plaintiff Grand Canyon Trust ("the Trust") has filed a motion asking the Court to order Defendant U.S. Fish and Wildlife Service ("FWS") to release 27 documents withheld from the administrative record for the supplemental biological opinion drafted by FWS. Dkt. #200. Alternatively, the Trust asks the Court to conduct an *in camera* review of the documents to determine whether they are protected by the attorney-client privilege or the work product doctrine. *Id.* at 1. FWS opposes the requested disclosure, but does not oppose *in camera* review. Dkt. #208 at 1, 11. For the reasons that follow, the Court will deny the Trust's motion for immediate release, but will review the documents *in camera*.

On December 7, 2007, the Trust brought claims against the U.S. Bureau of Reclamation ("Reclamation") and FWS, claiming that the current operation of Glen Canyon Dam violates the Endangered Species Act by jeopardizing the endangered humpback chub and destroying its critical habitat. On May 26, 2009, the Court ordered FWS to reconsider its 2008 Biological Opinion. Dkt. #172. On November 2, 2009, FWS produced a

1 supplemental biological opinion. Dkt. #180-1. FWS found that operation of the dam "does not jeopardize the continued existence of the humpback chub, or result in destruction or adverse modification of its critical habitat." *Id.* at 8.

On December 4, 2009, FWS provided the Trust with a 532-document administrative record for the supplemental opinion. Dkt. #189. FWS withheld 27 documents, claiming that they are protected by both the attorney-client privilege and the work product doctrine. When the Trust challenged the withholding in a letter, FWS responded by reviewing the documents again and releasing all or parts of six emails (without releasing their attachments) and two additional documents in redacted form. The Trust continues to challenge the withholding and asks the Court to order FWS to produce the documents, or order FWS to provide them to the Court for *in camera* review. Dkt. #200.[1]

"'The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures.'" *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 2007)) (ellipses in original). "The fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (citations omitted). The elements of the privilege are well settled. "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Ruehle*, 583 F.3d at 607 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068,

---

[1] Separately, the Trust wrote to FWS and identified numerous other documents that were omitted from the administrative record. FWS promptly produced the documents. Dkt. #201 at 2 n.1.

1071 n.2 (9th Cir. 1992)). The party asserting the privilege has the burden of proving each element. *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000).[2]

The Trust contends that the six complete emails and two redacted documents released to it by FWS show that FWS misapplied the attorney-client privilege and work product doctrine. Dkt. #201 at 5. The Trust focuses on the following recommendation by FWS's counsel which, the Trust contends, was improperly redacted because it clearly does not contain legal advice:

> The one thing I keep seeing is a lot of repetition. This is a huge document and if there is any way we can repeat less to pare it down that [might] make it easier for readers.

Dkt. #201 at 5. The Trust argues that this is not legal advice because it amounts to nothing more than stylistic comments, and contends that this misapplication undermines FWS's assertion that the remaining withheld documents are protected.

The Court does not agree. The purpose of the Trust's letter to FWS was to prompt a review of the documents withheld from the Administrative Record. Rather than refusing to reevaluate its position, FWS reviewed the documents and produced those that, upon review, were not privileged or work product. This exercise shows a good faith effort to produce documents where warranted.

To make a *prima facie* showing that the privilege protects information, a party may use several different means, "one of which is the privilege log approach." *In re Grand Jury Investigation*, 974 F.2d at 1071. In *In re Grand Jury Investigation*, the Ninth Circuit held that a privilege log identifying "the attorney and client involved," "the nature of the document," "all persons or entities shown on the document to have received or sent the document," "the date the document was generated, prepared, or dated," and "information on the subject matter of each document" was sufficient for a party to meet its burden of demonstrating the applicability of the attorney-client privilege. 974 F.2d at 1071; *see Dole v. Milonas*, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989) (stating that a privilege log is

---

[2] Because FWS has made a prima facie showing of privilege, the Court will not address the work product doctrine in this order.

sufficient if it identifies: (1) the attorney and client, (2) "the nature of the document (i.e., letter, memorandum)," (3) all persons who sent or received the document, (4) all persons who knew about the document, and (5) the date it was generated).

FWS has made a *prima facie* showing that the documents are privileged. It has submitted a privilege log identifying the attorney and client involved with each withheld document, the nature of each document, the date the document was generated, and information on the subject matter of each document. Dkt. #201-1 at 4-16. This is sufficient to withstand the Trust's request for immediate disclosure. *In re Grand Jury Investigation*, 974 F.2d at 1071; *Dole*, 889 F.2d at 888 n.3, 890. The Trust contends that FWS's privilege log is insufficient because it makes a blanket assertion that the withheld documents contain legal advice and never details the type or subject of legal advice. The Trust cites no authority holding that the lack of such detail defeats a *prima facie* showing of privilege.[3] Moreover, the privilege log is supplemented by additional detail provided in declarations. Dkt. #208. The Court cannot find that Defendants have failed to make a *prima facie* showing of privilege.

Because FWS has made a *prima facie* showing of attorney-client privilege as to all documents that have not yet been disclosed, this Court will deny the Trust's request for immediate disclosure. The Court will conduct an *in camera* review of the documents.

**IT IS ORDERED:**

1. The Trust's motion to release withheld documents or for an *in camera* review (Dkt. #200) is **granted in part and denied in part**.

---

[3] The two cases cited by the Trust, *Martin* and *Western Trails v. Camp Coast to Coast*, 139 F.R.D. 4 (D.D.C. 1991), are not applicable. *See Martin*, 278 F.3d at 1000 (court determining whether a criminal defendant could claim as privileged disclosures his attorney made to law enforcement authorities which had nothing to do with the legal tasks the attorney performed for the defendant); *Western Trails*, 139 F.R.D. at 11 (court determining whether charts produced by outside counsel were privileged).

2. FWS shall provide copies of the withheld documents to the Court for *in camera* review by **February 12, 2010**.

DATED this 5th day of February, 2010.

_____
David G. Campbell
United States District Judge