**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Grand Canyon Trust, | ) | No. CV-07-8164-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| U.S. Bureau of Reclamation, et al., | ) ) | |
| Defendants. | ) ) | |

On April 6, 2009, this Court granted a motion by Grand Canyon Trust ("the Trust") to conduct an *in camera* review of 13 documents that the U.S. Fish and Wildlife Service ("FWS") and the Bureau of Reclamation ("the Bureau") had previously withheld from the administrative record on grounds of attorney-client privilege and the work product doctrine. Dkt. #157. On February 5, 2010, the Court granted another motion by the Trust to conduct an *in camera* review of 27 documents FWS had withheld from the administrative record for the same reasons. Dkt. #212. The Court has received the documents from FWS and the Bureau, has conducted an *in camera* review, and concludes that the documents were properly withheld under the attorney-client privilege.

**I.    Legal standard.**

"'The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures.'" *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 2007)) (ellipses in original). "The fact that a person is a lawyer does not make all communications with that person privileged." *U.S. v. Martin*, 278 F.3d

988, 999 (9th Cir. 2002) (citations omitted). The privilege applies when the following elements are met: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Ruehle*, 583 F.3d at 607 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)).

**II. Analysis.**

    **A. 13 documents.**

        **1. Background.**

On July 23, 2008, the Bureau and FWS produced the administrative record for FWS's challenged Biological Opinion and for the Bureau's actions challenged in Claim 6 of this litigation. Dkt. ##111, 112. On that date, the Bureau and FWS also filed privilege logs identifying documents they withheld from the administrative record on grounds of attorney-client privilege and/or work product. The Trust challenged the privilege logs, and the Court agreed to conduct *in camera* review of the withheld documents. Dkt. #157.

        **2. The documents.**

Of the 13 documents that the Court received for review, four have already been released to the Trust in their entirety (documents 10, 11, 12, 13), three have been released in redacted form (documents 5, 8, 9), and the remaining six have been withheld (documents 1, 2, 3, 4, 6, 7). As a result, only documents 1-9 are at issue. The Court finds that the Bureau and FWS properly withheld the unreleased documents and the redacted portions of the partially released documents.

Document 1, currently unreleased, is an email from Randall Peterson of the Bureau to Jonne Hower of the Bureau which includes legal advice from attorney Robert Snow.

Document 2, currently unreleased, is an email from Snow to Peterson in which Snow provides comments and edits in his capacity as an attorney on draft portions of the FWS 2008 Environmental Assessment which is at issue in this litigation.

Documents 3 and 4, currently unreleased, are emails from Snow to Peterson in which Snow briefly discusses an attached document. The attached document is a list of comments made during the public comment period for FWS's 2008 Environmental Assessment, and includes legal advice from Snow regarding the legally appropriate responses to each comment.

Document 5, released in redacted form, is a fax from Sam Spiller of FWS to Snow and Justin Tade which includes notes from a conference call in which Snow provided legal advice. The redacted portion of the document contains a summary of the legal advice given by Snow during the conference call.

Documents 6 and 7, currently unreleased, are additional handwritten notes from Spiller, and contain summaries of legal advice provided by Snow.

Documents 8 and 9, released in redacted form, are also handwritten notes taken by Spiller during the conference call. The redacted portions of these documents contain summaries of legal advice provided by Snow during the call.

### 3. Conclusion.

The six withheld documents and the redacted portions of the three partially released documents all contain information that is attorney-client privileged. These documents contain legal advice from attorney Snow and consist of communications made in confidence by the client and the attorney. *Ruehle*, 583 F.3d at 607. There is no evidence that the protection has been waived. The Court finds that the Bureau and FWS properly withheld these documents. *Id.*

### B. 27 documents.

#### 1. Background.

On December 8, 2009, FWS produced documents constituting the administrative record for its 2009 Biological Opinion. Dkt. #189. FWS also produced a privilege log identifying 27 documents that it withheld on grounds of attorney-client privilege and/or work product. The Trust challenged the privilege logs, and the Court agreed to conduct *in camera* review of the withheld documents. Dkt. # 157. Many of the withheld documents are email

1  strings which contain attachments. FWS has released many of the underlying emails, but has
2  not released any of the attachments to the emails (documents 10, 11, 14, 15, 20, 27). The
3  Court has conducted an *in camera* review of all 27 documents and finds that FWS properly
4  withheld them.

**2.      The documents.**

6  Document 1, currently unreleased, is an email string between Jay Govindan of the Department of Justice and attorneys Justin Tade and Robert Snow. The document contains legal advice and includes a detailed discussion of this Court's order of May 26, 2009 and the potential ramifications of that order. The document also contains a copy of the May 26, 2009 order, which, although not privileged, need not be disclosed as it is publicly available. *See* Dkt. #172.

Document 2, currently unreleased, contains the entirety of document 1 and also includes questions from Glen Knowles of FWS to Tade. These questions and their responses contain legal discussions and legal advice.

Document 3, currently unreleased, is a single email from Tade to Govindan and Glen Knowles of FWS in which Tade discusses his reading of this Court's order of May 26, 2009 and comments on some legal concerns that he has.

Document 4, currently unreleased, is an email string that contains the entirety of document 3 and also includes a detailed legal discussion between Tade, Govindan, and Knowles of this Court's May 26, 2009 order, the legal strategy of FWS going forward, and legal questions from Knowles to Govindan.

Document 5, currently unreleased, consists of two emails between Govindan and Tade, in which they discuss the future reworking of the Biological Opinion, how to properly comply with this Court's May 26, 2009 order, and a legal strategy for moving forward.

Document 6, currently unreleased, is an extension of document 4. It contains document 4 in its entirety and also contains one additional email from Govindan to Knowles, which contains legal advice as to how to style the 2009 Biological Opinion and how to tackle certain issues discussed by the Court in its order.

1    Document 7, currently unreleased, is an email exchange between Tade, Steve Spangle of FWS, Knowles, Snow, and Govindan. In the emails, the parties discuss this Court's order of May 26, 2009 and the legal ramifications of portions of the order. The document includes a copy of the Court's order which is not privileged, but need not be disclosed because it is publicly available. *See* Dkt. #172.

Document 8, currently unreleased, is an extension of document 6 and contains only one additional email, which is from Govindan to Knowles, in which Govindan provides legal advice regarding the drafting of the 2009 Biological Opinion.

Documents 9, 12, and 13, currently unreleased, are draft copies of FWS's 2009 Biological Opinion from Tade which include edits and comments on how to improve the Opinion before presenting it to the Court as required in this litigation.

Documents 10, 11, 14, 15, and 21 contain emails between Tade, Knowles, and others, and also contain attachments. These emails have been fully released. Dkt. #201 at 2. The attachments, however, have not been released. The attachments are draft copies of FWS's 2009 Biological Opinion, similar to those found in documents 9, 12, and 13, and contain legal edits and comments from Tade.

Documents 16, 17, 19, 20, 22, 23, 25, and 27, currently unreleased,[1] include emails between Knowles and Tade, and also include attachments of draft versions of the 2009 Biological Opinion with Tade's and Knowles' comments and changes. The emails contain questions and answers, in the form of legal advice. A few minor portions of the emails do not involve legal advice and are clearly not for the purpose of obtaining legal advice, but these portions are only pleasantries between the drafters and are irrelevant to the administrative record.

Documents 18 and 24, currently unreleased, contain emails between Tade and Knowles in which Tade provides legal advice to Knowles regarding the 2009 Biological Opinion and the administrative record.

---

[1] These documents are unreleased with the exception of the first page of document 27, which FWS has disclosed to the Trust.

Document 26 is an email string between Tade, Knowles, Snow, and others which contains legal advice about the 2009 Biological Opinion. It also contains a draft strategy paper from FWS, the Bureau, the U.S. Geological Survey, and others.

### 3. Conclusion.

The withheld documents and the redacted portions of the partially released documents all contain information that is attorney-client privileged. These documents contain legal advice from an attorney or attorneys and consist of communications made in confidence by the client and attorneys. *Ruehle*, 583 F.3d at 607. There is no evidence that the protection has been waived. The Court finds that the FWS properly withheld these documents.

DATED this 9th day of March, 2010.

_____
David G. Campbell
United States District Judge