1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Trust, | No. CV-07-8164-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Bureau of Reclamation, et al., | |
| Defendants. | |

Plaintiff Grand Canyon Trust has filed a motion asking this Court to certify Claims 4 and 5 of their second supplemental complaint pursuant to Federal Rule of Civil Procedure 54(b). Doc. 248-1. Defendants oppose the motion. Doc. 249. For reasons that follow, the Court will deny the motion.[1] Doc. 248.

**I.   Background.**

The Trust filed its initial complaint against Defendants in December of 2007 and asserted five claims: (1) Reclamation is violating the Endangered Species Act ("ESA") by operating the Glen Canyon Dam under modified low fluctuating flow ("MLFF"), a flow system that jeopardizes the humpback chub; (2) Reclamation is violating the ESA because MLFF destroys or adversely modifies the chub's critical habitat; (3) Reclamation is violating the ESA because MLFF "takes" the chub; (4) Reclamation is violating the ESA by failing

---

[1] The request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

to consult with FWS on the development of annual operating plans for the Dam; and (5) Reclamation is violating the National Environmental Policy Act ("NEPA") by failing to prepare environmental assessments or environmental impact statements for each of the Dam's annual operating plans. Doc. 1. In March of 2008, the Trust filed a supplemental complaint that asserted three new claims: (6) Reclamation's 2008 Environmental Assessment fails to comply with NEPA; (7) FWS's 2008 Biological Opinion violates the ESA; and (8) Reclamation's 2008 Experimental Plan violates the Grand Canyon Protection Act. Doc. 23.

On September 26, 2008, the Court granted summary judgment for Reclamation on Claims 4 and 5 and deferred ruling on Claims 1, 2, and 3 until Claims 6, 7, and 8 were fully briefed. *Grand Canyon Trust v. U.S. Bureau of Reclamation*, CV-07-8164-PCT-DGC, 2008 WL 4417227 (D. Ariz. Sept. 26, 2008) (*Trust I*). On May 26, 2009, the Court granted summary judgment for Defendants on Claims 6 and 8 and for the Trust on Claim 7. *Grand Canyon Trust v. U.S. Bureau of Reclamation*, 623 F. Supp. 2d 1015 (D. Ariz. 2009) (*Trust II*). On June 15, 2009, the Trust moved the Court for certification of Claims 4, 5, 6, and 8 pursuant to Rule 54(b). The Court denied the motion. *See* Doc. 177.

On January 27, 2010, the Trust filed a second supplemental complaint that added three additional claims: (9) the 2009 Supplemental Biological Opinion and the 2009 Incidental Take Statement ("ITS") violate the ESA; (10) the 2009 ITS violates NEPA; and (11) FWS's draft 2009 Recovery Goals, used in the 2009 Supplemental Biological Opinion's analysis of chub recovery, violate the ESA. Doc. 205 at 29-33. On June 29, 2010, the Court granted summary judgment to Defendants on Claims 1, 2, 10, and 11, granted in part and denied in part the Trust's motion for summary judgment on Claim 9, and took Claim 3 under advisement. *Grand Canyon Trust v. U.S. Bureau of Reclamation*, CV-07-8164-PCT-DGC, 2010 WL 2643537 (D. Ariz. Jun. 29, 2010) (*Trust III*).

**II.    Legal Standard.**

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "'A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result[.]'" *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (citation omitted). "'Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Id.*

**III.    Analysis.**

The Trust argues that the Court should certify Claims 4 and 5 for appeal because "there is no just reason for delay" in making judgment on those Claims final. Fed. R. Civ. P. 54(b). The Trust contends that the legal and factual issues pertinent to Claims 4 and 5 are different from all other remaining claims and that an appeal of those two Claims would not burden the Ninth Circuit. Doc. 248-1 at 2. The Trust further contends that because there is no legal or factual connection between Claims 4 and 5 and all other remaining Claims, the Court need not find that certification is "necessary to avoid a harsh and unjust result" before deciding that certification is warranted. *Frank Briscoe*, 776 F.2d at 1416 ("'A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result[.]'"). The Trust argues that the Court need only find a just reason to certify Claims 4 and 5.

The Court disagrees. All Claims in this litigation share a common factual nexus. Resolution of Claims 4 and 5 requires an understanding of: (1) how the Dam is operated and the differences between MLFF and SASF, *see Trust I*, 2008 WL 4417227 at *1-2; (2) ESA

consultation requirements, *see id.* at *8-9; (3) the legal rules regarding agency action under the ESA, *see id.* at *9-10; (4) the law of the river, *see id.* at *11-14; and (5) NEPA and what constitutes major federal action under NEPA, *see id.* at *15-16. Other pending Claims implicate many of these factual and legal issues. *See Trust II*, 623 F. Supp. 2d at 1018-19 (factual history of how the river was operated and the differences between MLFF and SASF in relation to Claims 6, 7, and 8); *Trust III*, 2010 WL 2643537 at *1 (factual history of how the river was operated and the differences between MLFF and SASF is necessary for an understanding of Claims 1, 2, 3, 9, 10, and 11); *Trust II*, 623 F. Supp. 2d at 1020, 1031-32 (ESA consultation requirements in relation to Claims 6, 7, and 8); *Trust II*, 623 F. Supp. 2d at 1020 (agency action under the ESA in relation to Claims 6, 7, and 8); *Trust II*, 623 F. Supp. 2d at 1018 (law of the river in relation to Claim 6, 7, and 8); *Trust II*, 623 F. Supp. 2d at 1025-26 (NEPA and major federal action under NEPA in regards to Claim 6). Clearly, much of the legal and factual background necessary to consider Claims 4 and 5 is needed to consider the remaining Claims. As a result, the Court finds that certification pursuant to Rule 54(b) would only be proper here if "necessary to avoid a harsh and unjust result[.]'" *Frank Briscoe Co.*, 776 F.2d at 1416.

The Trust does not argue that failure to certify Claims 4 and 5 would cause a harsh and unjust result. Rather, the Trust argues that such a showing is not necessary because Claims 4 and 5 are dissimilar from the other Claims. As discussed above, the Court does not agree. The Court again concludes that "the costs of multiplying the number of proceedings and of overcrowding the appellate docket are not outbalanced by a pressing need of Plaintiff for an early and separate judgment as to some claims." Doc. 177 (citing *Frank Briscoe Co.*, 776 F.2d at 1416).

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The similarity of Claims in this case weighs "heavily against entry of judgment under the rule[.]" *Frank Briscoe Co.*, 776 F.2d at 1416.

**IT IS ORDERED** that the Trust's motion for Rule 54(b) certification (Doc. 248) is **denied**.

DATED this 16th day of August, 2010.

_____
David G. Campbell
United States District Judge