**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Trust,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>United States Bureau of Reclamation, et al.,<br><br>　　　　　Defendants. | No. CV07-8164-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion to vacate portions of the Court's June 29, 2010 order. Doc. 277. Federal Defendants have filed a response (Doc. 280), Defendant-Intervenors have joined the response (Doc. 281), and Plaintiff has filed a reply (Doc. 283). No party has requested oral argument. The Court will deny the motion.

On November 9, 2010, the U.S. Fish and Wildlife Service ("FWS") issued a memorandum concerning the re-initiation of consultation with the Bureau of Reclamation due to the cancellation of two rounds of nonnative fish removal in May and June of 2010. Doc. 274. The memorandum included a Biological Opinion and an Incidental Take Statement ("ITS") focused on this issue. *Id*. The Biological Opinion concluded that "the cancellation of the scheduled mechanical removal of nonnative fish in 2010 . . . is not likely to jeopardize the continued existence of the humpback chub and is not likely to destroy or adversely modify designated critical habitat for the humpback chub[.]" Doc. 274-1 at 19. The ITS concluded that between 1,000 and 24,000 young-of-year or juvenile humpback chub will be lost to predation by trout as a result of the modified proposed action. *Id.* at 21-22. FWS concluded "that this level of anticipated take is not

likely to result in jeopardy to the species or destruction or adverse modification of critical habitat[.]" *Id*. at 22.

Plaintiff argues that the Court should vacate its previous grant of summary judgment for Defendants on Claims 1 and 2 because the 2010 Biological Opinion and ITS supersede the 2009 Biological Opinion and ITS upon which the Court relied. Plaintiff also argues that the Court should vacate its ruling on Claims 9 and 10 because those claims have been rendered moot by the supersession of the 2009 Biological Opinion and ITS. Doc. 277 at 2.

The Court has reviewed the 2010 Biological Opinion and ITS and cannot conclude that they supersede the 2009 Biological Opinion and ITS. Referring to the 2009 documents and to the 2008 documents they amended, FWS provided this explanation for its 2010 decision:

> The modified primary change and the focus of this consultation is the cancellation of two nonnative removal trips scheduled for May and June, 2010. The re-initiated consultation only evaluates the dam operations and associated conservation measures between March 5, 2010 and April 30, 2011 with an emphasis on the cancellation of the mechanical removal of nonnative fishes. All other aspects of the proposed action remain the same as described in the 2009 [Biological Opinion].

Doc. 274-1 at 4. FWS does not attempt in the 2010 documents to address all of the issues considered in the 2009 Biological Opinion. Its focus clearly is the cancellation of two rounds of mechanical fish removal, and the 2010 documents clearly supplement FWS's 2009 Biological Opinion and ITS.

Moreover, cancellation of the mechanical fish removal was known when the Court entered its previous ruling on June 29, 2010. The parties addressed this development in their briefing, and the Court considered it in ruling on the parties' summary judgment motions. *See* Doc. 247 at 30.

Because the 2009 Biological Opinion and ITS have not been superseded, the basis for the Court's June 29, 2010 ruling on Claims 1 and 2 has not been eliminated and

Claims 9 and 10 are not rendered moot. The Court therefore will not vacate its previous order. If Plaintiff believes that the 2010 documents provide a basis for the Court to reconsider its previous rulings, the Court will permit Plaintiff to make those arguments in the next round of briefing.

As part of the briefing on Plaintiff's motion to vacate, Federal Defendants have suggested that the Court postpone additional briefing until further consultation between FWS and the Bureau of Reclamation is completed in April of 2011. Doc. 280 at 6. Plaintiff has suggested that it will seek leave to file another supplemental complaint. Doc. 277. In addition, the briefing schedule previously established by the Court (Doc. 247 at 48, Doc. 258) has been overtaken by FWS's issuance of the 2010 documents. The Court therefore will hold a conference call with counsel for the parties on **February 18, 2011 at 2:00 p.m.** The purpose of the call will be to address the following issues: (1) the completion date for the current consultation between FWS and Reclamation, and the documents that will result from such consultation; (2) the need, if any, for a further supplemental complaint; and (3) the briefing that will finally conclude this case. The parties are advised that the Court does not intend to continue this case beyond 2011. The Court will endeavor to complete briefing and resolution of all issues this year.

**IT IS ORDERED:**

1. Plaintiff's motion to vacate (Doc. 276) is **denied**.
2. A telephonic status conference is set for **February 18, 2011 at 2:00 p.m.** to address the matters identified above. Counsel for Plaintiff shall arrange for the conference call with all parties and the Court.

Dated this 10th day of February, 2011.

David G. Campbell
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28